IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02916-BNB

RICHARD S. JONES,

    Applicant,

v.

WARDEN MILLER, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

    Applicant, Richard S. Jones, is a prisoner in the custody of the Colorado Department of Corrections.  Mr. Jones has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1).  The court must construe the application liberally because Mr. Jones is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  Mr. Jones will be ordered to file an amended application if he wishes to pursue any claims in this action.

    Mr. Jones alleges that he was convicted of escape in Arapahoe County District Court case number 08CR463 for cutting off an ankle monitor and absconding from parole and that he is serving a sentence of forty-eight years in prison.  It appears that each of his three claims for relief in the application challenge the escape conviction because the underlying term of parole from which he absconded allegedly was illegal.

However, the application is deficient because Mr. Jones fails to provide a clear statement of the federal constitutional violation he is asserting in each claim. In fact, the only indication that Mr. Jones is raising a federal constitutional claim is a single reference to due process in claim three. Mr. Jones also fails to allege specific facts in support of his claims that demonstrate his federal constitutional rights have been violated. Although the court must construe the application liberally, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Habeas corpus relief is warranted only if Mr. Jones "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, Mr. Jones must identify the specific federal constitutional right allegedly violated in each claim he is asserting and he must provide specific factual allegations in support of each asserted claim. These habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Id.* at 656 (quoting 28 U.S.C. § 2243). Naked allegations of constitutional violations are not cognizable in a habeas corpus action. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Accordingly, it is

ORDERED that, **within thirty (30) days from the date of this order**, Mr. Jones

file an amended application that clarifies the federal constitutional claims he is asserting.  It is

FURTHER ORDERED that Mr. Jones shall obtain the appropriate, court-approved habeas corpus application form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at [www.cod.uscourts.gov](www.cod.uscourts.gov).  It is

FURTHER ORDERED that, if Mr. Jones fails within the time allowed to file an amended application that complies with this order, the action will be dismissed without further notice.

DATED October 28, 2014, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

United States Magistrate Judge