IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02916-GPG

RICHARD S. JONES,

    Applicant,

v.

WARDEN MILLER, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

ORDER DIRECTING APPLICANT TO FILE SECOND AMENDED APPLICATION

    Applicant, Richard S. Jones, is a prisoner in the custody of the Colorado Department of Corrections.  Mr. Jones initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1).  On October 28, 2014, Magistrate Judge Boyd N. Boland ordered Mr. Jones to file an amended application that clarifies the federal constitutional claims he is asserting in this action.  On November 6, 2014, Mr. Jones filed an "Amended Application" that is deficient.  First, the "Amended Application" is not on the proper form.  Pursuant to Rule 5.1(c) of the Local Rules of Practice of the United States District Court for the District of Colorado – Civil, "[i]f not filed electronically, an unrepresented prisoner or party shall use the procedures, forms, and instructions posted on the court's website."  Second, Mr. Jones still fails to provide a clear statement of the federal constitutional claims he is asserting.  However, because Mr. Jones has made some effort to comply with the order to file an amended application, he will be given one more opportunity to file a pleading on the

proper form that clarifies the federal constitutional claims he is asserting.

The court will not restate all of the particulars of Magistrate Judge Boland's October 28 order. However, the court reiterates that habeas corpus relief is warranted only if Mr. Jones "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, Mr. Jones must identify the particular conviction and sentence he is challenging, the specific federal constitutional right allegedly violated in each claim he is asserting, and he must provide specific factual allegations in support of each asserted claim. These habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Id.* at 656 (quoting 28 U.S.C. § 2243). Naked allegations of constitutional violations are not cognizable in a habeas corpus action. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Accordingly, it is

ORDERED that, **within thirty (30) days from the date of this order**, Mr. Jones file a second amended application on the proper form that provides a clear statement of the federal constitutional claims he is asserting. It is

FURTHER ORDERED that Mr. Jones shall obtain the appropriate, court-approved habeas corpus application form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at

www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Jones fails within the time allowed to file a second amended application that complies with this order, the action will be dismissed without further notice.

DATED December 3, 2014, at Denver, Colorado.

                                  BY THE COURT:

                                  S/Gordon P. Gallagher

                                  United States Magistrate Judge