IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02916-GPG

RICHARD S. JONES,

    Applicant,

v.

WARDEN MILLER, and
JOHN SUTHERS, Attorney General of the State of Colorado,

    Respondents.

---

ORDER OF DISMISSAL

---

    Applicant, Richard S. Jones, is a prisoner in the custody of the Colorado Department of Corrections. Mr. Jones initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1). On November 6, 2014, Mr. Jones filed an Amended Application (ECF No. 4) that was not on the proper form. On December 12, 2014, Mr. Jones filed on the proper form a second amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 7) (the "second amended application"). Mr. Jones is challenging the validity of his conviction and sentence in Arapahoe County District Court case number 08CR463.

    On December 15, 2014, Magistrate Judge Gordon P. Gallagher ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On January 23, 2015, Respondents filed their

Pre-Answer Response (ECF No. 16) arguing that Mr. Jones' claims are unexhausted and procedurally barred.  On February 5, 2015, Mr. Jones filed Applicant's Reply to Pre-Answer Response (ECF No. 17).

The Court must construe the second amended application and other papers filed by Mr. Jones liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will dismiss the action.

A jury convicted Mr. Jones of escape because, while on intensive supervised parole, he cut off an ankle monitor and absconded.  *See People v. Jones*, No. 10CA1163 (Colo. App. Apr. 12, 2012) (unpublished) (ECF No. 16-4).  He also was convicted of five habitual criminal counts and he was sentenced to forty-eight years in prison.  (*See* ECF No. 16-1 at 9; ECF No. 16-4.)  The judgment of conviction was affirmed on direct appeal.  (*See* ECF No. 16-4.)  On September 17, 2012, the Colorado Supreme Court denied Mr. Jones' petition for writ of certiorari on direct appeal.  (*See* ECF No. 16-6.)

On September 13, 2010, while his direct appeal was pending, Mr. Jones filed in the trial court a motion for sentence reconsideration pursuant to Rule 35(b) of the Colorado Rules of Criminal Procedure.  (*See* ECF No. 16-1 at 8-9.)  The trial court ultimately denied the Rule 35(b) motion on November 16, 2012.  (*See id.* at 8.)  Mr. Jones did not appeal.

On April 10, 2013, Mr. Jones filed in the trial court a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure.  (*See id.*)  The trial

court denied the Rule 35(c) motion on May 1, 2013.  (*See id.*)  The trial court's order denying the Rule 35(c) motion was affirmed on appeal.  *See People v. Jones*, No. 13CA1094 (Colo. App. Apr. 17, 2014) (unpublished) (ECF No. 16-9).

Mr. Jones asserts two claims for relief in the second amended application.  He first claims his Fourteenth Amendment rights were violated because he was sentenced to prison for a parole violation even though he was not advised in the prior cases for which he was serving parole that he would be subject to a term of parole after incarceration.  Mr. Jones contends in his second claim that his Eighth and Fourteenth Amendment rights were violated because the State lacked jurisdiction to sentence him to prison for escape when he was not lawfully on parole at the time he cut off the ankle monitor.

As noted above, Respondents argue that Mr. Jones' claims are unexhausted and procedurally barred.  Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights.  *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts.  *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack."  *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement.  *Picard*

*v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing he has exhausted all available state remedies for each particular claim. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Respondents contend that Mr. Jones failed to exhaust state remedies because the constitutional claims he raises in the second amended application were not raised on direct appeal and, although he raised similar arguments in the postconviction Rule 35(c) proceedings, he did not raise those arguments as federal constitutional claims. Respondents also contend that, even if Mr. Jones did present his claims as federal constitutional claims on appeal from the denial of his Rule 35(c) motion, the claims were rejected by the Colorado Court of Appeals on an independent and adequate state procedural rule. Mr. Jones argues in his reply to the Pre-Answer Response that his constitutional claims in the second amended application are exhausted because they were presented to the trial court at a hearing in December 2009, he appealed the

4

judgment of conviction to the Colorado Supreme Court, and he sought postconviction relief in the state courts.

Mr. Jones' assertion that he presented his claims to the trial court at a hearing in December 2009 does not demonstrate he fairly presented his claims to the Colorado Supreme Court. Furthermore, his conclusory assertions that he has exhausted state remedies because he filed a direct appeal and sought postconviction relief in state court are not sufficient to demonstrate that he fairly presented his claims to the Colorado appellate courts. *See Olson v. McKune*, 9 F.3d 95 (10th Cir. 1993); *see also Fuller v. Baird*, 306 F. App'x 430, 431 n.3 (10th Cir. 2009) (stating that a bald assertion unsupported by court records is insufficient to demonstrate state remedies are exhausted).

The Court has examined Mr. Jones' state court appellate briefs and agrees with Respondents that Mr. Jones has not fairly presented to the state courts the federal constitutional claims he asserts in the second amended application. Mr. Jones claimed in his opening brief on direct appeal that the trial court's decision to exclude evidence of illegal confinement violated his constitutional right to present a defense and that the trial court's decision to permit amendment of the complaint and information during the habitual criminal proceedings changed the elements of the habitual criminal counts. (*See* ECF No. 16-2.) He raised the same claims in his petition for writ of certiorari to the Colorado Supreme Court on direct appeal. (*See* ECF No. 16-5.) However, he did not raise on direct appeal any constitutional claim premised on the arguments he now raises in the second amended application, i.e., that his federal constitutional rights were violated because he was not advised in his prior cases that his sentence included a

term of parole and because his parole was unlawful.  Mr. Jones did include in his opening brief on appeal from the denial of his Rule 35(c) motion vague factual allegations similar to his factual allegations in the second amended application.  (*See* ECF No. 16-7.)  However, Mr. Jones did not raise any federal constitutional claims on appeal from denial of his postconviction Rule 35(c) motion.  (*See id.*)  Therefore, the Court agrees with Respondents that Mr. Jones has not exhausted state remedies for either of the constitutional claims he raises in the second amended application.

Although Mr. Jones has not fairly presented his federal constitutional claims to the state courts, the Court may not dismiss those claims for failure to exhaust state remedies if Mr. Jones no longer has an adequate and effective state remedy available to him.  *See Castille*, 489 U.S. at 351.  Respondents contend, and the Court agrees, that Mr. Jones no longer has an adequate and effective state remedy available to him and that the unexhausted claims are procedurally defaulted because Rule 35(c)(3)(VII) of the Colorado Rules of Criminal Procedure provides, with limited exceptions not applicable to Mr. Jones, that the state courts must dismiss any claim that could have been presented in a prior appeal or postconviction proceeding.  Thus, it is clear that Mr. Jones may not return to state court to pursue his unexhausted claims.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice."  *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998).  Even if an unexhausted claim has not actually been raised and rejected by the state courts, the claim still is subject to an anticipatory procedural default if it is clear that the claim

would be rejected because of an independent and adequate state procedural rule. *See Coleman*, 501 U.S. at 735 n.1.

"A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision." *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998). A state procedural ground is adequate if it is "applied evenhandedly in the vast majority of cases." *Id.*

Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman*, 501 U.S. at 730. Mr. Jones' *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Mr. Jones fails to demonstrate or even argue that Rule 35(c)(3)(VII) is not independent and adequate. In any event, the Court finds that Rule 35(c)(3)(VII) is independent because it relies on state rather than federal law. The rule also is adequate because it is applied evenhandedly by Colorado courts. *See, e.g., People v. Vondra*, 240 P.3d 493, 494-95 (Colo. App. 2010) (applying Crim P. Rule 35(c)(3)(VII) to reject claims that could have been raised in a prior proceeding). Therefore, the unexhausted claims are procedurally defaulted and cannot be considered unless Mr. Jones demonstrates either cause and prejudice or a fundamental miscarriage of justice.

To demonstrate cause for his procedural default, Mr. Jones must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the

State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]." *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted).  If Mr. Jones can demonstrate cause, he also must show "actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750.  A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496.

Mr. Jones makes no attempt to demonstrate cause and prejudice with respect to his unexhausted claims and he fails to demonstrate that a failure to consider the merits of those claims will result in a fundamental miscarriage of justice.  Therefore, the unexhausted claims are procedurally barred and must be dismissed for that reason.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the application (ECF No. 1), the amended application (ECF No. 4), and the second amended application (ECF No. 7) are denied and the action is dismissed because Applicant's claims are unexhausted and procedurally barred.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  24th  day of    February   , 2015.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court